IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA



FILED
SEP 13 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>HI TECH TRUCKING, INC., )<br>)<br>Defendant. ) | CRIMINAL NO. 3:10CR247 |

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Elizabeth C. Wu, Assistant United States Attorney, the defendant, HI TECH TRUCKING, INC., and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

**1. Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to Count One of a three-count amended criminal information charging the defendant with Conspiracy to Harbor Illegal Aliens, in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(v)(I) and 1324(a)(1)(B)(i). The maximum penalties for this offense are a fine in an amount of not more than $500,000.00 or an amount not more than twice the defendant's gross gain from the offense, full restitution, a special assessment and a term of probation not to exceed five years.

This plea agreement is expressly conditioned upon the United States District Court's acceptance of the guilty pleas of co-defendants BAO PING WANG and TRANG LU pursuant to their respective written Plea Agreements. If one or more co-defendant fails to enter and abide by the terms of his or her respective guilty plea, then this agreement will be considered to be

breached and the defendant, the co-defendants, and any officer, director, or employee of the defendant will be subject to prosecution for offenses described in the criminal information and any other federal offense.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3. **Sentencing Factors and Recommendation**

The parties agree that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines. The Court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in Title 18, United States Code, Section 3553(a). The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

The parties stipulate that the 2009 United States Sentencing Guidelines apply to this matter and to the factual predicates set forth below and that the following is the proper application of the Sentencing Guidelines to the offense alleged in the Information:

The Government and defendant HI TECH TRUCKING, INC. agree that an application of the Sentencing Guidelines to determine the applicable fine range yields the following analysis:

<u>Base Offense</u>. Based upon USSG § 2L1.1, the total offense level is calculated as follows:

| | | |
|---|---|---:|
| (a)(3) | Base Offense Level | 12 |
| (b)(2)(A) | Specific Offense Characteristic (6-24 unlawful aliens) | +3 |
| (b)(3)(A) | Specific Offense Characteristic (conviction for a felony immigration and naturalization offense) | +2 |
| | TOTAL | 17 |

Base Fine. Based upon USSG § 8C2.4(a)(1), the base fine is $250,000 (fine corresponding to the Base Offense level as provided in Offense Level Table).

Calculation of the Culpability Score.

Based upon USSG § 8C2.5, the culpability score is, calculated as follows:

| | | |
|---|---|---:|
| (a) | Base Culpability Score | 5 |
| (c)(2) | The organization committed any part of the instant offense less than 5 years after a criminal adjudication based on similar misconduct | +2 |
| (g)(1) | The organization (A) prior to an imminent threat of disclosure or government investigation; and (B) within a reasonable amount of time after becoming aware of the offense, reported the offense, fully cooperated, and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct | -5 |

3

| | |
|---|---|
| TOTAL | 2 |

Calculation of Fine Range.

| | |
|---|---|
| Base Fine | $250,000 |
| Multipliers, culpability score of 2 (U.S.S.G. § 8C2.6): | 0.4 – 0.8 |
| Fine Range (U.S.S.G. § 8C2.7): | $100,000 – 200,000 |

Pursuant to Rule 11(c)(1)(B), the Government agrees to make the following recommendations to the court at sentencing:

Fine: The Government will recommend the imposition of a fine in the amount of $100,000 payable to the Clerk of the Court for the United States District Court for the Eastern District of Virginia. The parties further agree that this amount shall be paid as a lump sum within ten (10) business days after imposition of sentence in this matter. Defendant HI TECH TRUCKING, INC. acknowledges that no tax deduction may be sought in connection with the payment of any part of this $100,000 fine.

Organizational Probation: The Government will recommend a three (3) year term of organizational probation in this case that shall include, as conditions of probation: the implementation and maintenance of a compliance program as described herein in paragraph 10 and any other conditions ordered by the Court.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the

4

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive other than that contained in paragraph 3 above, and because this Agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the defendant cannot withdraw a guilty plea or rescind this Agreement if the Court does not follow the agreements of recommendations herein.

5.  **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section

3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of four hundred dollars ($400.00) per count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(B).

7. **Payment of Monetary Penalties**

The parties agree that the criminal fine, as specified in paragraph 3, takes into account the remedial actions taken by the defendant and the impact of the forfeiture in disgorging the pecuniary gains from the organization. The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of its financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination.

8. **Forfeiture Agreement**

Pursuant to Rule 11 (c)(1)(B) of the Federal Rules of Criminal Procedure, and after a careful analysis of the proceeds gained by the defendant as a result of the offense of conviction, the parties have determined that an agreed upon forfeiture of one million, two hundred twenty-

five thousand, four hundred and twenty-eight dollars and fifty-two cents ($1,225,428.52 USD), would appropriately disgorge the defendant of its criminal proceeds. The defendant understands that pursuant to Rule 11 (c)(1)(B), if the Court accepts this plea agreement, the Court has agreed to the specific forfeiture agreed upon by the parties. The defendant further agrees to waive all interest in the funds in any administrative or judicial forfeiture proceeding, whether criminal or civil. The defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

9.  **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of harboring illegal aliens and inducing them to reside and remain in the United States or as substitute assets for property otherwise subject to forfeiture.

### 10. Mandatory Compliance with Department of Homeland Security and Social Security Administration Pilot Program for Determining Workforce Eligibility

The defendant agrees to use the "E-Verify" system created by the Department of Homeland Security and Social Security Administration to screen all employees for determining workforce eligibility for work with the defendant or any of its sister companies. The defendant agrees that it will maintain the associated documentation showing the workforce is legal. The defendant further agrees to abide by the requirements stated in Title 46, United States Code, Section 8103.

### 11. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, fails to make timely payment of the agreed-to forfeiture, commits or attempts to commit any additional federal, state or local crimes, intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b. The defendant will be subject to prosecution for any federal criminal violation that is not time-barred by the applicable statute

8

of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, its officers, directors, and employees, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

### 12. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

### 13. Statement of Corporation Authorization

The undersigned corporate officer of the defendant hereby certifies that he is authorized by the defendant corporation to act on its behalf in connection with the defendant's decision to waive indictment, admit to facts, enter into this plea agreement, and thereby plead guilty to the offense described in the Amended Criminal Information, and that a corporate resolution so empowering said officer has been duly made and approved by the officers of the defendant corporation, a certified copy of which resolution is appended hereto as Exhibit 1, and incorporated herein by reference.

Neil H. MacBride
United States Attorney

By: *[signature]*
Elizabeth C. Wu
Assistant United States Attorney

<u>Defendant's Certification</u>: The defendant, through the undersigned corporate officer, hereby agrees that it has consulted with its attorney and fully understand all rights with respect to the pending amended criminal information. Further, the defendant fully understand all rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in its case. The defendant's authorized corporate officer has read this plea agreement and carefully reviewed every part of it with Hi Tech Trucking, Inc.'s attorney. The defendant understand this agreement and voluntarily agrees to it.

HI TECH TRUCKING INC.

Date: 9-13-10

TRANG THUY LU
Secretary/Shareholder for HI TECH TRUCKING INC.

<u>Defense Counsel Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending amended criminal information. Further, I have reviewed Title 18, United States Code, Sections 3553 and 3572, and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 9/13/10

Paul L. Knight, Esquire, Pro Hac Vice
Counsel for the Defendant

Susan Parrish, Esquire
Counsel for the Defendant

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION ||
|---|---|
| CRIM. ACTION NO.: | 3:10CR247 |
| DEFENDANT'S NAME: | Hi Tech Trucking, Inc. |
| PAY THIS AMOUNT: | $400.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

|  | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Alexandria cases:** | Clerk, U.S. District Court 401 Courthouse Square Alexandria, VA 22314 ||
| **Richmond cases:** | Clerk, U.S. District Court 701 East Broad Street, Suite 3000 Richmond, VA 23219 ||
| **Newport News cases:** | Clerk, U.S. District Court 2400 West Ave, Ste 100 Newport News, VA 23607 ||
| **Norfolk cases:** | Clerk, U.S. District Court 600 Granby Street Norfolk, VA 23510 ||

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. **ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT**